**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4340

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BRANDON CORY LECROY,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Bruce H. Hendricks, District Judge. (8:18-cr-00480-BHH-1)

Submitted: January 21, 2020             Decided: January 23, 2020

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Erica M. Soderdahl, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

     Brandon Cory Lecroy pleaded guilty to one count of using interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958(a) (2018). At sentencing, the district court determined that Lecroy's offense level was 37 and that he had a category-I criminal history, but that his Guidelines sentence was 120 months' imprisonment, the statutory maximum. *See* 18 U.S.C. § 1958(a); U.S. Sentencing Guidelines Manual § 5G1.1(a) (2018). The district court imposed a sentence of 120 months. Lecroy appeals his sentence, arguing that the district court committed procedural error by not addressing his arguments for a shorter sentence.

     To avoid procedural error, a district court at sentencing must provide an individualized assessment of the facts in the case before it, which requires consideration of a defendant's nonfrivolous arguments for a shorter sentence and an explanation of the sentence the court chooses. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Blue*, 877 F.3d 513, 517-18 (4th Cir. 2017). Lecroy contends that the district court did not address his arguments that physical and emotional abuse he suffered as a child, learning disabilities, and intellectual deficiencies contributed to his offense conduct and were mitigating factors weighing in favor of a shorter sentence.

     It is plain from the full transcript of the sentencing hearing, however, that the district court did consider Lecroy's arguments in favor of mitigation—which Lecroy also raised to argue unsuccessfully against a three-level enhancement to his offense level for hate-crime motivation, *see* USSG § 3A1.1(a)—but agreed instead with the Government that while Lecroy had some difficulties functioning, he was competent and thought and acted clearly

enough to formulate and embark upon a plan to kill his neighbor. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007) (district court not required to say explicitly that it heard and considered argument when context and record make clear it did). We thus find that the district court did not procedurally err in imposing Lecroy's sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*